UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60989-Civ-SCOLA

SAUL D. FRIEDMAN,

    Plaintiff,

vs.

DANNY COFFMAN et al.,

    Defendants,

vs.

BILLY'S STONE CRABS, INC.,

    Third-Party Defendant.
_____/

**ORDER GRANTING MOTION TO JOIN NON-DIVERSE
DEFENDANT AND TO REMAND CASE TO STATE COURT**

THIS MATTER is before the Court on the Motion for Leave to Join Carl Bouchard as a Defendant and to Remand or in the Alternative to Dismiss Without Prejudice [ECF No. 138], filed by Plaintiff Saul D. Friedman. For the reasons set forth below, the Motion is granted and this case is remanded to state court.

**Background**

This action stems from an incident on November 12, 2009 in which Plaintiff Saul Friedman allegedly suffered injury while assisting with the unmooring of a vessel at the restaurant docks of Third-Party Defendant Billy's Stone Crabs, Inc. The vessel was captained and operated by Defendant Danny Coffman. Plaintiff's personal injury claims resulted in two lawsuits, including this negligence suit against Defendant Coffman. This case was originally filed in Florida state court on March 12, 2010, and was subsequently removed to federal court on the basis of diversity of citizenship. On July 8, 2011, Defendant Coffman filed a Third-Party Complaint against Billy's Stone Crabs, Inc., alleging failure to safely maintain the dock area.

After Billy's was brought in as Third-Party Defendant, the case appears to have taken a somewhat tortured turn procedurally. For present purposes, however, it is only relevant that the

case became drawn out, perhaps unnecessarily so, and as a result, Plaintiff was not able to depose one Carl Bouchard, a mate onboard the vessel, until January 4, 2012. During the deposition, Plaintiff claims to have learned for the first time that the person who requested his assistance with the boat's unmooring was actually Bouchard.

Nine days after the deposition, Plaintiff filed the instant Motion seeking leave to join Bouchard as a Defendant. There is no dispute that Bouchard, if joined, would defeat diversity jurisdiction because he is a Florida citizen, like Plaintiff. Consequently, Plaintiff also seeks remand to state court upon leave to join Bouchard. Defendant Coffman is not completely averse to the idea of joinder and remand, and the parties in fact represented to the Court after the Motion was filed that they were working towards an agreement whereby joinder and remand could be achieved by stipulation. These negotiations evidently broke down over the details, though, and Defendant Coffman subsequently submitted an opposition. Therein, Coffman maintains that Plaintiff's request for leave to join is too late, having come some eight months after the May 4, 2011 deadline to amend the pleadings and join new parties. Coffman cites to various discovery that allegedly shows Plaintiff knew of Bouchard's involvement in the accident, or should have known of it, well before now. Even so, Coffman does not wholly oppose joinder and remand upon certain conditions, such as that discovery taken in this federal case be transferred and used in the state court action upon remand.

## Legal Standard

Where amendment or joinder is sought after the deadline in the Court's scheduling order, Federal Rule of Civil Procedure 16 is implicated. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998). The scheduling order and case deadlines therein control the subsequent course of the action, unless modified by the Court. *See* Fed. R. Civ. P. 16(e). "[T]he scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 698-99 (S.D. Fla. 2007) (citation omitted). Thus, where amendment is sought after the deadline, the movant must show good cause to modify the scheduling order. *See Sosa*, 133 F.3d at 1418. "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note). "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the

amendment deadline had passed." *Donahay*, 243 F.R.D. at 699. Put differently still, "good cause is not shown if the amendment could have been timely made." *Id.* Ultimately, the decision to allow amendment under Rule 16 rests with the Court's sound discretion. *See Sosa*, 133 F.3d at 1418.

Because amendment and joinder in this case would defeat diversity jurisdiction, the Court must also consider the standards of 28 U.S.C. § 1447(e). Under that provision, the Court has two options when faced with a motion to join a non-diverse party: (1) deny joinder or (2) permit the joinder and remand the case to state court. *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). In making this determination, the Court must balance the danger of parallel federal and state proceedings against the defendant's interest in retaining the federal forum. *See Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1334 (S.D. Fla. 2011). To that end, the Court should take into account several considerations: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *See Seropian v. Wachovia Bank, N.A.*, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010). This determination, too, is committed to the Court's sound discretion. *See id.* at *2.

## Analysis

Upon careful consideration of the parties' arguments and the pertinent legal authorities, the Court concludes that Plaintiff has shown good cause under Rule 16(b) for modification of the scheduling order to facilitate belated joinder of Bouchard. Further, the Court concludes that the balance of considerations under 28 U.S.C. § 1447(e) tips in Plaintiff's favor, such that joinder and remand should be allowed. The Court arrives at this determination conditionally and on the assumption that Plaintiff will agree to enter a stipulation upon remand.

### I.     Plaintiff Has Shown Good Cause Under Rule 16(b)

In light of the strange and drawn out posture of this case and given Plaintiff's representations regarding his inability to discover the need for joinder before Bouchard's deposition in January 2012, the Court determines that Plaintiff meets the Rule 16(b) diligence

standard.  Defendant Coffman argues that Plaintiff should have sought joinder upon learning of Bouchard's identity from Coffman's Rule 26 disclosures, which were served upon Plaintiff on April 26, 2011.  But it is not at all clear that mere disclosure of Bouchard's identity would have been enough to prompt Plaintiff to know all the facts necessary in deciding whether to join him as a party.  Indeed, Plaintiff represents otherwise:  "Plaintiff agrees he knew Bouchard was a mate on the vessel and how to locate him, but Plaintiff was unaware of Bouchard's liability until his deposition on January 4, 2012."  *See* Reply at 4.  In any event, this disclosure in April 2011 was made just days before the expiry of the deadline to amend the pleadings or join new parties.  Relatedly, Coffman's interrogatory response in August 2011 was made after the deadline to amend had expired and, thus, cannot be used to show lack of diligence on the part of Plaintiff in failing to seek joinder prior to that deadline.  *See Barnette v. FedEx Corp.*, 2011 WL 2413437, at *2 (M.D. Fla. June 14, 2011) (Rule 16(b) standard met where relevant disclosures were made after the scheduling order's deadline); *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 2007 WL 1752471, at *2 (N.D. Ga. June 15, 2007) (good cause shown where facts supporting amendment were not discovered until after deadline).

In addition, the Court finds significant that Defendant Coffman's counsel did not make available Bouchard's sworn statement until the day prior to his deposition in January 2012, even though it was taken in November 2010 and requested by Plaintiff in discovery.  Had that statement been provided sooner, Plaintiff may well have sought leave to join Bouchard sooner too.  *See* Reply at 4 ("Defense failed to mention, in any disclosure to Plaintiff's counsel, that Bouchard was the individual who requested Plaintiff to untie the lines, even though they were fully aware for over a year that in Bouchard's sworn statement taken on November 30, 2010, he testified he told Plaintiff to untie the vessel's lines.").  Finally, without attributing blame, the Court also notes that Bouchard's deposition was delayed in part, at least, through no fault of the Plaintiff; counsel for Defendant Coffman was apparently experiencing health issues last Fall, which necessitated the postponement of the deposition until January 2012.

Taken together, this sequence of events leaves the Court unable to attribute a lack of diligence to Plaintiff.  Instead, the Court finds that Plaintiff acted diligently and that there is good cause to allow belated amendment and joinder under Rule 16(b).  Having found good cause for untimely amendment here, the Court easily concludes that Plaintiff also satisfies the less stringent standard of Rule 15(a).

## II.     Plaintiff Is Entitled To Joinder And Remand Under 28 U.S.C. § 1447(e)

The Court finds that joinder of Bouchard, a non-diverse party, and remand to state court will strike the appropriate balance of considerations under 28 U.S.C. § 1447(e). As even Defendant Coffman readily concedes, "the risk of parallel litigation is high." *See* Resp. at 11. Further, as he also concedes, allowing joinder and remand "would serve the interests of judicial economy" and result in "extensive savings to the parties in attorneys' fees and costs." *See id.* These concessions satisfy the Court that joinder and remand should be ordered. In addition, the Court does not find that amendment is sought solely to defeat federal jurisdiction. To the contrary, amendment appears to be sought as a means to achieve full recovery for the alleged negligence that injured Plaintiff. Nor does the Court find that Plaintiff has been dilatory in asking for amendment. Just the opposite is true; as explained above, the Court finds Plaintiff acted with reasonable diligence. Finally, the Court concludes that disallowing joinder and remand would work significant prejudice upon the Plaintiff, in that he would be forced to bring a separate suit against Bouchard in state court and litigate the action parallel to this one. That would make no sense and would be burdensome to both the parties and the courts. Accordingly, amendment and joinder and remand will be allowed.

While finding it appropriate to grant Plaintiff the relief requested, the Court also finds some merit in Defendant Coffman's concerns that discovery in this action will be wasted, disregarded, or duplicated. To assuage such concerns, Plaintiff shall be required to stipulate that the parties will make use of any already conducted discovery upon remand to state court and that they shall not make discovery requests duplicative of what was undertaken in federal court. As for whether Plaintiff may attempt to relitigate issues previously decided once back in state court, the Court believes this concern is overblown. Any previously entered orders carry the penalty of contempt for purposeful disregard, and this federal Court of course retains jurisdiction to ensure compliance with its lawful orders. *See, e.g.*, *Pehnke v. City of Galveston*, 977 F. Supp. 827, 832 (S.D. Tex. 1997). In addition, the Court is confident that the doctrine of judicial estoppel will prevent Plaintiff from attempting to assert positions inconsistent with his actions and conduct during litigation in this federal forum. *See, e.g.*, *Sullivan Props., Inc. v. City of Winter Springs*, 899 F. Supp. 587, 591 (M.D. Fla. 1995) ("the doctrine of judicial estoppel ensures that a party will not argue inconsistent positions to gain an unfair advantage over its adversary.").

## Conclusion

For the reasons explained above, the Court concludes that joinder and remand are appropriate here.  Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion is **GRANTED**.  Plaintiff is given leave to join Carl Bouchard as a Defendant in this action.  Because joinder defeats diversity jurisdiction, this action shall be remanded to state court forthwith.

2. As a condition to joinder and remand, Plaintiff shall enter into a stipulation with Defendant Coffman that any already conducted discovery shall be made use of to the fullest extent possible upon remand.  Further, the stipulation shall provide that the parties will not propound or engage in discovery that is duplicative of what was done during litigation in federal court.  The parties shall jointly file the stipulation with this Court by **March 9, 2012**.

3. All pending motions are **DENIED AS MOOT**, and the hearing scheduled for March 2, 2012 before Magistrate Judge Rosenbaum is **CANCELLED**.

4. The Clerk is directed to **CLOSE** this case and shall take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

**DONE and ORDERED** in chambers at Miami, Florida on February 29, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Designated U.S. Magistrate Judge*
*Counsel of record*